UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONNECTICUT TANK REMOVAL, INC. | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO: |
| | : | 302 CV 2129 (RNC) |
| VS. | : | |
| | : | |
| MYSTIC BULK CARRIERS, INC. AND | : | |
| MYSTIC TRANSPORTATION, INC. | : | |
| | : | |
| Defendants | : | AUGUST 11, 2004 |

**PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**
**PURSUANT TO RULE §60(b)**

Pursuant to Rule §60(b), the Plaintiff hereby respectfully requests relief from Judgment. The Plaintiff requests that the Stipulation of Dismissal with Prejudice that was entered on or about August 11, 2003 be vacated and entered as a Stipulation of Dismissal without Prejudice. In support of this Motion, the Plaintiff submits the attached Memorandum of Law.

**ORAL ARGUMENT IS REQUESTED**

THE PLAINTIFF,
Connecticut Tank Removal, Inc.


By:_____
     Ryan K. McKain (ct22416)
     Louis J. Bonsangue (ct14586)
     Jacobi & Case, P.C.
     300 Bic Drive
     Milford, Connecticut  06460
     Telephone #:  (203) 874-7110
     Its Attorney


## **CERTIFICATION**

This is to certify that on this the 11th day of August, 2004, a copy of the foregoing was mailed, postage prepaid, to the following parties of record:

David Eric "Rick" Ross, Esquire
Ross & Pasquini, LLP
19 Ludlow Road
Suite #  201
Westport, Connecticut  06880


_____
Ryan K. McKain

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CONNECTICUT TANK REMOVAL, INC. | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO: |
| | : | 302 CV 2129 (RNC) |
| VS. | : | |
| | : | |
| MYSTIC BULK CARRIERS, INC. AND | : | |
| MYSTIC TRANSPORTATION, INC. | : | |
| | : | |
| Defendants | : | AUGUST 11, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION**
**FOR RELIEF FROM JUDGMENT PURSUANT TO RULE §60(b)**

     Pursuant to Federal Rule 60(b), the Plaintiff, Connecticut Tank Removal, Inc., hereby respectfully requests that the Court vacate the Stipulation of Dismissal with Prejudice and enter a Stipulation of Dismissal without Prejudice. Due to the reliance on a mistake by a non-party, the Parties entered into a Stipulation of Dismissal with Prejudice. If the Court grants the relief requested in this Motion, the Plaintiff does not seek to prosecute its case against the Defendants nor does the Plaintiff seek to reopen the case and place it back on the docket.

I.    **<u>Factual Background</u>**

This case was filed in the Superior Court of Connecticut, Judicial District of Fairfield at Bridgeport on November 26, 2002. The Plaintiff sought recovery of costs associated with the clean up of a gasoline spill on Interstate 95 in Bridgeport caused by the Defendants. The Plaintiff's clean up of the spill consisted of services on fourteen (14) days between November 24, 2001 through December 10, 2001. The amount outstanding to the Plaintiff for services rendered was $296,865.33 (this included interest and attorney's fees incurred in attempting to collect the debt). The Defendants removed the case to Federal Court on or about December 3, 2002. The Court entered an Order regarding the Case Management Plan on April 3, 2003.

On or about May 6, 2003, an employee of the Plaintiff filed an application with the National Pollution Funds Center of the United States Coast Guard ("NPFC") for reimbursement under the Oil Pollution Act of 1990 ("OPA Claim"). See Affidavit of Hugh Plunkett, ¶6. Attached as Exhibit A. See Affidavit of Joseph Palmieri, Jr., ¶11-12. Attached as Exhibit B. This application sought reimbursement for the same costs that were the subject of the lawsuit.

In order to proceed with the application, the NPFC required that the litigation pending in Federal Court be dismissed <u>with</u> prejudice. This information was provided to

the Plaintiff during two telephone conversations in May 2003.  See Affidavit of Hugh Plunkett ¶¶7-12; Affidavit of Louis Bonsangue ¶¶10-15.  Attached as Exhibit C.  Apparently, the Plaintiff's OPA Claim could not be adjudicated during the pendency of a lawsuit for the same costs.  Pursuant to the NPFC's direction, the Plaintiff, through its counsel, requested that the Defendants enter into a Stipulation of Dismissal with Prejudice so that the Plaintiff could recover its costs directly from the NPFC.  See Affidavit of Louis J. Bonsangue ¶¶16-21.  Consequently, a Stipulation of Dismissal with Prejudice was signed by the Parties and filed with the Court on or about August 11, 2003.

     Hugh Plunkett sent a copy of the Stipulation of Dismissal with Prejudice to the NPFC via a cover letter dated August 7, 2003.  See Exhibit D.  A copy of the letter is attached because the signed copy could not be located.  After receipt of the Stipulation of Dismissal with Prejudice, the NPFC continued to review the Plaintiff's application to determine what costs would be reimbursed.  See Plunkett Affidavit ¶¶15-19.  The NPFC was clearly adjudicating the claim despite knowledge of the filing of the Stipulation of Dismissal with Prejudice.  Exhibits E and F attached hereto further demonstrate that the NPFC was requesting that Mystic pay the claim submitted by the Plaintiff.

     Several months later, on or about March 17, 2004, the NPFC informed Hugh Plunkett that it could not reimburse the costs because a Stipulation of Dismissal with

Prejudice was filed. The NPFC's new position was that the Stipulation of Dismissal with Prejudice may interfere with its rights to recover from the responsible parties under a subrogation theory. Over the next several weeks, counsel for Plaintiff attempted to resolve the issue with the NPFC, without seeking Court intervention. However, the NPFC, finally determined that it was denying Plaintiff's OPA claim, based upon the filing of the Stipulation of Dismissal with Prejudice. See Exhibit G. Plaintiff's counsel again tried to resolve the issue with the NPFC, but to no avail. The NPFC is requiring a Stipulation of Dismissal without Prejudice.

The Plaintiff received no settlement funds from either Defendant as a result of agreeing to a Stipulation of Dismissal with Prejudice. In fact, in order to obtain the Defendants' permission to file a Stipulation of Dismissal with Prejudice, the Plaintiff provided Defendants with an affidavit of the President of the Plaintiff. The affidavit was offered to assist the Defendants in their attempts to recover insurance coverage for the spill.[1] See Bonsangue Affidavit ¶¶16-21.

The Plaintiff is requesting that the Court vacate the Stipulation of Dismissal *with* Prejudice and simultaneously enter a Stipulation of Dismissal *without* Prejudice so that it

---

[1] The Defendants were simultaneously suing their insurance brokers and agents for fraud, in that the brokers accepted insurance premiums but failed to purchase insurance policies to cover several claims, including those made by the Plaintiff.

6

can obtain reimbursement from the NPFC.  Once the Plaintiff receives reimbursement from the NPFC, the Plaintiff will no longer have any reason to seek damages from the Defendants.

II.     **Legal Standard for Rule 60(b) Motion**

"A Stipulation of Dismissal is a final judgment subject to a Rule 60(b) Motion." Laurenzano v. Crossland Savings Bank, FSB, 837 F.Supp. 514 (E.D.N.Y. 1993).  This Court may therefore grant the Motion if sufficient justification exists to reopen the case. Id. at 515.  It is important to note, however, that the Plaintiff is not seeking to reopen the case, but rather is only requesting that a Stipulation Dismissal *without* Prejudice be entered.

"The general purpose of Rule 60(b)… is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 271 (3rd Cir. 2002).  Rule 60(b) provides in part: "on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding, for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect…or (6) any other reason justifying relief from the operation of a judgment."  It is within the Court's broad discretion to grant relief under Rule 60(b).  Mazzone v. Stamler, 157

7

F.R.D. 212 (S.D.N.Y. 1994). "In exercising this discretion, Courts should balance the policy in favor of serving the ends of justice against the policy in favor of finality." Id. at 214.

### III.  Argument

####  A.  The Plaintiff is entitled to relief pursuant to Rule 60(b)(1).

#####   1.  The Stipulation of Dismissal was entered based upon a mistake.

The Plaintiff agreed to a Stipulation of Dismissal with Prejudice based upon a reasonable belief that the NPFC required it to adjudicate the OPA Claim. Whether the NPFC changed its position from May 2003 to March 2004 or whether Patrick Glenn "was in error" is not dispositive of the issue. What warrants the granting of relief under Rule 60(b)(1) is that the Plaintiff made a diligent effort to determine what was required to adjudicate its claim. Both Hugh Plunkett and undersigned counsel spoke with Patrick Glenn and were told the same thing. The Plaintiff acted upon Mr. Glenn's representation since he was the person in charge of its claim.

In denying a request to open a judgment to allow counsel to request additional attorney's fees, the Southern District of New York stated that, "At a minimum, counsel should have inquired of the government whether the stipulation prohibited her from

seeking additional attorneys fees at a later date." Pastor v. Sullivan, 1990 WL 209451 (S.D.N.Y. 1990).  That is exactly what happened here.  When the NPFC stated that the lawsuit could not be pending during the adjudication of the OPA Claim, both Plaintiff and its counsel called Mr. Glenn and asked what was required to adjudicate the claim.

After the Stipulation of Dismissal with Prejudice was filed and provided to the NPFC, Mr. Glenn continued to adjudicate the OPA Claim for seven (7) months.  The equitable factor tips in favor of the Plaintiff in this matter.

### 2. **The Defendants will not be prejudiced.**

As stated in the attached affidavit of Louis J. Bonsangue, the Defendants did not provide any settlement funds or other consideration in exchange for the Stipulation of Dismissal with Prejudice.  On the contrary, the Defendants received consideration for entering in the Stipulation of Dismissal with Prejudice in the form of an affidavit from Joseph A. Palmieri, Jr.  See Bonsangue Affidavit ¶¶16-21.  In granting a Motion to Vacate a Stipulation of Dismissal, the Southern District of New York considered the lack of prejudice to the defendants as an important factor in its decision.  Mazzone v. Stamler, 157 F.R.D. at 214.  Furthermore, the Court in Mazzone v. Stamler found it significant that no defendant had changed his position based upon the Stipulation and Order.  In the instant action, the only party that changed its position is the Plaintiff, when it agreed to

forego its litigation against the Defendants based on the representation of the NPFC. Furthermore, no prejudice will be caused to the Defendants since the Plaintiff is not asking that the case be placed back on the docket. The Plaintiff is still requesting a final judgment in the form of a Stipulation of Dismissal without Prejudice in order to pursue its OPA Claim with the NPFC.

Furthermore, if the Motion is granted the Defendants are not losing the benefit of any bargain it made with the Plaintiff. The Defendants already have the benefit of the Affidavit provided to them prior to signing the Stipulation of Dismissal with Prejudice. Also, the Defendants will not be prejudiced by losing any benefit they "earned". This is so because the Defendant did not "earn" anything by agreeing to a Stipulation of Dismissal with Prejudice. If the Defendants had provided the Plaintiffs with consideration in the form of settlement money or otherwise, the Defendants could argue that they earned the benefit of the bargain. This is not the case. See, Coltec Industries, Inc. v. Hobgood, 280 F.3d 262 (where the Third Circuit decided that the District Court had not abused its discretion by denying the plaintiff's Rule 60(b) Motion. The Court reasoned that the defendant would have lost the benefit of the bargain that it made with the plaintiff and would, therefore, be prejudiced.)

### B.    The Plaintiff is entitled to Relief under Rule 60(b)(6).

If the Court finds that the grounds for relief do not fall within Rule 60(b)(1), the Plaintiff is entitled to relief under Rule 60(b)(6) because exceptional circumstances exist in this case. Rule 60(b)(6) is a catchall provision, which allows a Court to relief a party from the effects of an Order for "any other reason justifying relief from the operation of the judgment". This portion of the Rule is properly invoked only when there are extraordinary circumstances justifying relief,…when the Judgment may work in extreme and undue hardship,… and when the asserted grounds for relief are not recognized in clauses One through Five of the Rule. Nemaizer v. Baker, 793 F.2d 58, 63 (2nd Cir. 1986). This Motion is made within a reasonable time pursuant to the Rule 60(b), because the Request for Relief from Bankruptcy Stay was just granted on July 23, 2004. See Bonsangue Affidavit ¶30-31.

In the instant case, extraordinary circumstances exist in that the Plaintiff will be left with no remedy to obtain payment for services rendered in connection with its remediation of the gasoline spill. The NPFC does not assert that the Plaintiff's OPA claim is not proper under the statute. They are refusing to pay the Plaintiff solely because

the Stipulation of Dismissal with Prejudice was filed.[2] Notwithstanding the foregoing, I direct the Court's attention to Page 1 of Exhibit G wherein the NPFC states, "CTR filed and the Court entered a Stipulation of Dismissal with Prejudice (as opposed to a dismissal without prejudice) for CTR's lawsuit against Mystic. See Claimant's letter dated August 7, 2003 enclosing Stipulation of Dismissal with Prejudice for 3002 CV 2129(RNC)." The Claimant's letter dated August 7, 2003 was not provided with the NPFC's Claim Summary/Determination Form. This confirms that the NPFC received the Stipulation of Dismissal with Prejudice in or around August 7, 2003. The NPFC reopened the Plaintiff's OPA claim and continued to adjudicate same. See Plunkett Affidavit, ¶¶14-19.

      On the contrary, the Defendants receive a windfall if the Dismissal with Prejudice is not vacated and entered as a Dismissal without Prejudice. The Defendants' negligence caused a gasoline spill on Interstate 95. The Plaintiff contracted with the Defendants to remediate the spill. The Plaintiff's services cost approximately $289,000 and the Defendants paid nothing for the Dismissal with Prejudice. Now the Defendants have voluntarily filed a Chapter 11 Bankruptcy Petition and the Plaintiff is left with nothing. If the Defendants do not have to pay the Plaintiff, at least the Plaintiff can get paid from

---

[2] It is noted that the NPFC has not denied telling the Plaintiff to file a Stipulation of Dismissal with Prejudice, however, they do not "acknowledge such an error was committed." See Exhibit G, Page 2.

12

the NPFC. Although the Plaintiff has argued above that this was a "mistake" which is grounds for relief under Rule 60(b)(1), the Plaintiff also asserts that the NPFC's mistake or change in position, the windfall to the Defendants and the Plaintiff's loss of $296,865.33 amounts to extraordinary circumstances warranting relief under Rule 60(b)(6).

### IV.    Conclusion

The Plaintiff is entitled to the relief sought in this Motion. The parties entered into the Stipulation of Dismissal with Prejudice based upon the direction of the NPFC, a nonparty to this action. The NPFC made a mistake by directing the Plaintiff to agree to a Dismissal with Prejudice. Alternatively, the NPFC has changed its position and is now requiring a Dismissal without prejudice. Either way, these facts amount to a mistake that warrants relief under Rule 60(b)(1).

If the Court does not believe that the facts fall under the purview of Rule 60(b)(1), then the facts amount to extraordinary circumstances warranting relief under Rule 60(b)(6). The Plaintiff is not seeking to reopen this case and place it back upon the docket. Therefore, the entry of a Stipulation of Dismissal without Prejudice supports the policy of serving the ends of justice, while at the same time serving the policy in favor of finality of judgments.

WHEREFORE, it is respectfully requested that the Dismissal *with* prejudice be vacated and a Dismissal *without* Prejudice be entered.

          THE PLAINTIFF,
          Connecticut Tank Removal, Inc.

          By:_____
              Ryan K. McKain (ct22416)
              Louis J. Bonsangue (ct14586)
              Jacobi & Case, P.C.
              300 Bic Drive
              Milford, Connecticut  06460
              Telephone #:  (203) 874-7110
              Its Attorney

## **CERTIFICATION**

This is to certify that on this the 11th day of August, 2004, a copy of the foregoing was mailed, postage prepaid, to the following parties of record:

David Eric "Rick" Ross, Esquire
Ross & Pasquini, LLP
19 Ludlow Road
Suite # 201
Westport, Connecticut  06880

          _____
          Ryan K. McKain

F:\WPDOCS\JEANPUB\LOU\Connecticut Tank\Mystic Bulk Carriers\Pleadings\MotionforRelief081104.doc