Exhibit A

## AFFIDAVIT OF HUGH PLUNKETT

I, **HUGH PLUNKETT**, hereby depose and say:

1. I am over the age of eighteen (18) and believe in the obligation of an oath.

2. I have personal knowledge of the facts stated herein.

3. I am an employee of Connecticut Tank Removal, Inc. ("CTR").

4. This Affidavit is being submitted in support of CTR's request for reconsideration of its claim under the Oil Pollution Act of 1990, Claim number 903071-001.

4. I began working at CTR on or about December 28, 2002 as a Senior Project Manager.

5. My duties involve sales, project management and various administrative tasks.

6. I prepared an application under the Oil Pollution Act of 1990 to the National Pollution Funds Center ("NPFC") dated May 6, 2003. The application was filed on May 8, 2003.

7. Shortly thereafter, I received a letter dated May 15, 2003 from Mr. Patrick Glenn who was the claims manager and my main contact for the claim.

8. The letter stated that CTR's claim was administratively closed as a result of a pending action against Mystic Bulk Carrier's, Inc. and Mystic Transportation, Inc ("Mystic").

9. Although the letter stated that CTR's lawsuit against Mystic had to be withdrawn, it did not state how the matter had to be withdrawn.

10. Shortly after receiving the letter, I had a telephone conversation with Mr. Glenn in which he stated that the case needed to be dismissed with prejudice. I then called Attorney Louis J. Bonsangue and ask that he contact Mr. Glenn directly to ask about the dismissal with prejudice.

11. Attorney Bonsangue called me after speaking to Mr. Glenn and stated that the NPFC required the filing of a Stipulation of Dismissal with Prejudice in order to reopen CTR's claim.

12. Based upon Mr. Glenn's direction, a Stipulation of Dismissal with Prejudice was filed with the Federal Court District of Connecticut.

13. I provided a copy of the Stipulation of Dismissal with Prejudice to Patrick Glenn in or about July or August 2003.

14. It was my understanding that upon receipt of the Stipulation of Dismissal with Prejudice, the NPFC continued to adjudicate the claim.

15. From August 2003 until March 2004 I spoke with Patrick Glenn on several occasions regarding the further adjudication of CTR's claim.

16. The telephone conversations with Mr. Glenn concerned requests from Mr. Glenn for additional information as well as my inquiries to Mr. Glenn as to the status of the claim.

17. For example, prior to January 8, 2004, Patrick Glenn called me to request a report from the Federal On Scene Coordinator for the clean up project, which was the basis of the claim.

18. In or around February, 2004, Patrick Glenn informed me that he had adjudicated the claim and provided it to Ms. Donna Hellberg for her review.

19. I asked Mr. Glenn what amount the NPFC would be paying on the claim. Although Mr. Glenn could not give me a specific number, he stated that the Fund would be making an offer of settlement.

20. On or about March 17, 2004, I received a call from the NPFC stating that the Fund did not want to pay the claim because the Stipulation of Dismissal with Prejudice had been filed.

_____
Hugh Plunkett

STATE OF CONNECTICUT )
                     ) ss:  Bridgeport
COUNTY OF FAIRFIELD  )

Subscribed and sworn to before me on this the _____ day of July, 2004.

_____
Commissioner of the Superior Court
Notary Public
Commission Expires:

3