Exhibit G

CLAIM SUMMARY / DETERMINATION FORM

Date                : 4/19/2004
Claim Number        : 903071-001
Claimant            : Connecticut Tank Removal, Inc.
Type of Claimant    : Corporate (US)
Type of Claim       : Removal Costs
Claim Manager       : Patrick Glenn
Amount Requested    : $286,192.34

BACKGROUND: On November 24, 2001 a tank truck, owned by Mystic Bulk Carriers (Mystic), struck a jersey barrier while traveling southbound on I-95 Exit 27A, Bridgeport, CT. The incident caused a discharge of approximately 3000 gallons of gasoline. Approximately 2000 of the 3000 gallons spilled, impacted the soil along the roadside and then flowed down the bank. Approximately 1000 of the 3000 gallons spilled, did enter into catch basins, which then entered Bridgeport Harbor, a navigable water of the United States. Approximately 2000 gallons of gasoline remained in the tank truck. Federal Notification was made via NRC report #586791. FOSC coordination was not documented in USCG MSIS/MISLE databases and no record or unit case file was provided to the claimant. The claimant did include an on scene photograph of a USCG member only. On Scene incident coordination was performed by Connecticut DEP, see SOSC case number 2001-09944. The responsible party (RP), Mystic, hired the claimant CTR to perform clean up and disposal. The response effort included fire/personnel safety initially and then moved to collection/removal activity from the tank truck and the affected catch basins and water body. The final phase of the operation was focused on the staging and removal of contaminated soil. The total amount recovered/disposed includes: 1,905.80 tons of contaminated soil and 15,730 gallons of gasoline and gasoline contaminated wastewater and 25 (55 gallon) drums of contaminated solids/absorbents.

CTR submitted an invoice to the RP, Mystic, for payment, see invoice numbers 103641 and 103661. The RP, Mystic, did not pay the claimant and is presently suing Mystic's insurance carrier, see Complaint CV 02 6447 US District Court Eastern District of NY, for breach of contract, which stemmed from the insurance companies failure to pay the RP's claim for this incident.

In November 2002, CTR filed a lawsuit against the RP, Mystic, in Connecticut Superior Court. In December 2002, the lawsuit was removed to the U.S District Court, District of Connecticut (Civil Action No. 302 CV 2129 (RNC). In this lawsuit, CTR was seeking reimbursement from Mystic for costs CTR incurred for cleaning up the 24 November oil spill arising from the accident of a gasoline tanker truck owned by Mystic. In May 2003, CTR submitted to the Fund a claim for compensation for the same costs arising from the same incident. NPFC sent a letter dated 15 May 2003, indicating that, "The claim will be held in abeyance and administratively closed until this issue is resolved or you may provide evidence that the pending court action against the responsible party has been withdrawn." CTR filed and the Court entered a stipulation of dismissal with prejudice (as opposed to a dismissal without prejudice) for CTR's lawsuit against Mystic, see claimant's letter dated August 7, 2003 enclosing stipulation of dismissal with prejudice for 302 CV 2129 (RNC)

**DETERMINATION OF LOSS:** The claimant, Connecticut Tank Removal Inc., is seeking reimbursement for uncompensated removal costs associated with this incident.

**AMOUNT:** $0.00

**DETERMINATION:** Upon review, a legal issue was identified: the requirement set out in section 1012 of OPA 90 (33 U.S.C. 2712 (f)) is not met due to the dismissal with prejudice of the lawsuit CTR v. Mystic, 302 CV 2129 (RNC). The NPFC informed the claimant that pursuant section 1012 of Oil Pollution Act 1990 ("OPA 90"), before the Oil Spill Liability Trust Fund ("Fund") can make payment of any claim, the Fund needs to ensure that the Fund acquires by subrogation all rights of the claimant to recover from the responsible party (See 33 U.S.C. 2712 (f)). A dismissal with prejudice means an adjudication on the merits, and final disposition, barring the right to bring or maintain an action on the same claim, and can have the preclusive effect of res judicata (See Black's Law Dictionary; Marczeski v. Brown 2002 WL 31682175 (D.Conn.)). The NPFC informed the claimant that the dismissal with prejudice that was entered in the lawsuit between CTR and Mystic presents res judicata issues that are inconsistent with meeting the requirement of section 1012 of OPA 90. The NPFC's letter dated March 22, 2004 provided written notification of this issue and provided the claimant thirty days to resolve the issue. At the request of the claimant and the claimant's attorney, the NPFC conducted a conference phone call to further discuss this issue with the claimant's attorney and claimant on 3/29/2004, which was later documented in a letter from the NPFC, dated 3/31/2004. In a letter dated April 5, 2004, the claimant's attorney replied to the NPFC letter dated 3/31/2004, by stating the following, "Until the NPFC is willing to acknowledge it's error, CTR is not inclined seek any relief from the Court." The NPFC does not believe therefore cannot acknowledge such an error was committed. The claimant's attorney submitted another letter dated April 20, 2004 re-asserting the position contained in the April 5, 2004 letter. As the claimant has declined to address the dismissal with prejudice, for case No. 302 CV 2129 (RNC), the Fund will not be able to acquire all rights of the claimant to recover from the RP, Mystic, as required by section 1012 of OPA 90 thus this claim must be denied.

Claim Supervisor: *Donna Hellberg*   /s/ Donna Hellberg

Date of Supervisor's review: **4/26/04**

Supervisor Action: ***Denial approved***

Supervisor's Comments: